UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE N. PUGH, SR. and<br>JESSE N. PUGH, JR.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>WELLS FARGO BANK, N.A. as<br>Trustee for WAMU Mortgage Pass-<br>Through Certificates Series 2006-PR3,<br><br>　　　　Defendants. | No. 2:13-cv-01141-MCE-DAD<br><br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiffs Jesse Pugh, Sr. and Jesse Pugh, Jr., ("Plaintiffs") filed suit against JPMorgan Chase Bank ("Chase") and Wells Fargo Bank, N.A. ("Wells Fargo"), (collectively "Defendants") alleging nine causes of action: (1) wrongful foreclosure; (2) quiet title; (3) slander of title; (4) fraud; (5) cancellation of instruments; (6) violation of California Civil Code section 2924.17; (7) violation of Business & Professions Code section 17200, <u>et seq.</u>; (8) negligence; and (9) unjust enrichment.  Defendants now move to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim.

///

///

For the following reasons, Defendants' Motion to Dismiss ("Motion") is granted with leave to amend.[1]

## BACKGROUND[2]

In 2005, Plaintiffs "executed an adjustable rate mortgage relating to the Subject Property which consisted of a Deed of Trust ('DOT'), Adjustable Rate Note ('Note') and Adjustable Rate Rider."  Compl. at 4, ECF No 1.  The "DOT identifie[d] WAMU, FA as the lender, Washington Mutual Bank as the loan servicer, and California Reconveyance Company (hereinafter 'CRC'") as the trustee."  Id.

In 2006, Plaintiffs' mortgage loan was contributed to the WAMU Mortgage Pass-Through Certificates Series 2006-PR3 REMIC MBS Trust ("2006-PR3 Trust") with Defendant Wells Fargo serving as Trustee.  According to Plaintiffs, the "prescribed rules governing the trust were violated, [and thus] the securitization of Plaintiffs' loan failed leaving Wells Fargo without any legal or equitable interest in Plaintiffs' mortgage."  Id. at 2.

On October 13, 2009, CRC "executed a Notice of Default and Election to Sell under Deed of Trust ('NOD')."  Id. at 7.  The NOD instructed Plaintiffs to contact Defendant Chase to determine the amount owed or to stop the foreclosure.  Defendant Chase represented itself as the successor in interest to Washington Mutual Bank, "the original lender, presumably on the ground that on September 25, 2008, Chase acquired certain assets from the failed" Washington Mutual.  Id.  In addition, between January 2010 and May 2013, four Notices of Trustee Sale ("NOTS") were executed and recorded.

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

[2] The following recitation of facts is taken, at times verbatim, from Plaintiffs' Complaint.

1  However, according to Plaintiffs, none of the named Defendants have the ability to
2  enforce or collect Plaintiffs' mortgage loan because their "mortgage loan was no longer
3  among Washington Mutual Bank's assets when the failed bank was acquired by Chase."
4  Id. at 3.  On June 6, 2013, Plaintiffs filed the instant action arising out of their contention
5  that Defendants lack the power to collect payments and to exercise the power of sale
6  because Plaintiffs' loan has become unsecured.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."

///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."

///

Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS[4]

According to Plaintiffs, "[t]he thrust of [their] case is that, as a result of a fraudulent assignment and foreclosure documents and egregious breaches of agreements governing the MBS Trust to which Plaintiffs' loan was sold in 2006, Plaintiffs' loan has become unsecured." Complaint at 2, ECF No. 1. However, "Plaintiffs lack standing to challenge the process in which their mortgage was securitized because they are not [parties] to the [relevant agreements]." Deerinck v. Heritage Plaza Mortg. Inc., No. 2:11-cv-01735-MCE-EFB, 2012 WL 1085520 at *5 (E.D. Cal. March 30, 2012). Moreover, even if Plaintiffs had standing, their claims fail because parties do not "lose their interest in a loan when it is assigned to a trust pool." Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). Therefore, all of Plaintiffs' causes of action arising from Plaintiffs' allegation that the loan has become unsecured fail to state a claim. Each cause of action is nonetheless addressed in turn below.[5]

///
///

---

[4] Defendants request that the Court take judicial notice of eight documents. Although Plaintiffs oppose Defendants' Request for Judicial Notice, Plaintiffs sought to incorporate by reference and attached most of the same exhibits to their Complaint. Moreover, Plaintiffs specifically allege all relevant information in their Complaint. Therefore, judicial notice is unnecessary and Defendants' Request is denied as moot.

[5] As a threshold matter, the Court notes that, in support of their claims, Plaintiffs rely heavily on the recent California appellate decision Glaski v. Bank of America, National Association, 218 Cal. App. 4th 1079 (2013). Glaski is not persuasive. First, contrary to Plaintiffs' assertions, Glaski is a nonbinding state appellate decision, not a Ninth Circuit decision. Second, the Glaski decision was based on New York law. Nothing in the instant Complaint indicates that New York law should apply, nor do Plaintiffs assert any claims arising under New York law. The Court will apply California law. Plaintiffs' authority is thus inapposite.

### A. Wrongful Foreclosure

Defendants contend that "Plaintiffs' first cause of action for wrongful foreclosure fails because Plaintiffs do not allege that a foreclosure sale has already occurred." Motion at 13, ECF No. 12. Defendants are correct. A "wrongful foreclosure claim is premature [if] there has been no foreclosure on the property." Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009). Plaintiffs do not allege their property has already been foreclosed. Accordingly, Plaintiffs' wrongful foreclosure claim must be dismissed.

### B. Quiet Title

Plaintiffs' quiet title claim likewise fails. "[T]o maintain a quiet title claim, a plaintiff 'is required to allege tender of the proceeds of the loan at the pleading stage.'" Deerinck, 2012 WL 1085520 at *9 (quoting Velasquez v. Chase Home Fin., LLC, 2010 WL 3211904 at *4 (N.D. Cal. Aug. 12, 2010)); see also Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) ("A plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed."). Plaintiffs have not offered to tender nor have they alleged their ability to tender their obligation. This failure is fatal to their instant cause of action.

### C. Slander of Title

Plaintiffs' cause of action for slander of title arises from Defendants' recording of the Assignment, NOD, and NOTS. "An action for slander of title to real property" must be commenced "within three years." Cal. Civ. Proc. Code § 338(g). The Assignment, NOD and first NOTS were all recorded more than three years prior to Plaintiffs commencing the instant action. Complaint at 6-8, ECF No. 1.

Accordingly, to the extent Plaintiffs' claim arises from the recording of these documents, it is dismissed with leave to amend as time barred.

Regardless, Plaintiffs' slander of title claims also fail on the merits. The "elements of a cause of action for slander of title are (1) a publication, which is (2) <u>without privilege</u> or justification, (3) false, and (4) causes pecuniary loss." <u>La Jolla Grp. II v. Bruce</u>, 211 Cal. App. 4th 461, 472 (2012) (emphasis in original). The recording of a notice of default or other notices regarding non-judicial foreclosure are "privileged communications under the qualified common-interest privilege of [Civil Code] section 47, subdivision (c)(1)." <u>Kachlon v. Markowitz</u>, 168 Cal. App. 4th 316, 333 (2008). Plaintiffs failed to plead facts sufficient to remove the recorded documents from the privilege of Civil Code § 47.

Section 47 provides a qualified privilege for "a communication, without malice, to a person interested therein, . . . by one who is also interested." Cal. Civ. Code § 47(c)(1). Malice requires "that 'the publication was motivated by hatred or ill will towards the plaintiff or by showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'" <u>Kachlon</u>, 168 Cal. App. 4th at 336 (citing <u>Sanborn v. Chronicle Pub. Co.</u>, 18 Cal. 3d 406, 413 (1976)).

In the instant action, Plaintiffs allege in conclusory fashion that Defendants recorded the Notices "with malicious intent." Compl. at 12, ECF No. 1. This allegation is insufficient "to demonstrate that Defendant[s] did not have a qualified privilege to publish and deliver foreclosure notices." <u>Ismail v. Wells Fargo Bank, N.A.</u>, No. 2:12-cv-01653-MCE-CKD, 2013 WL 930611 at *7 (E.D. Cal. Mar. 8, 2013). Plaintiffs' cause of action for slander of title thus fails.

///
///
///
///

7

### D. Fraud

The elements of a cause of action for fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Although Plaintiffs' cause of action is for common law fraud, "[i]t is well established law . . . that Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). In regard to a fraud cause of action, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106. In addition, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009) (citing Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

Plaintiffs allege that Defendants "intended to defraud Plaintiffs" and they "justifiably relied on Defendants' false representations." Compl. at 15. These allegations are wholly insufficient under Rule 9(b). As a result, Plaintiffs fail to state a claim for fraud.

### E. Cancellation of Instruments

Plaintiffs' cause of action for cancellation of instruments is based on Plaintiffs' allegation that the securitization of their mortgage loan failed. As indicated above, not only does the Court reject the notion that parties lose their interest when a loan is assigned to a trust pool, but Plaintiffs lack standing to challenge their loan's securitization. Therefore, Plaintiffs fail to state a cancellation of instruments claim.

**F.     Violation of Cal. Civ. Code Section 2924.17**

According to Plaintiffs, Defendants violated California Civil Code section 2924.17 by recording inaccurate and knowingly fraudulent foreclosure documents.  As Defendants correctly indicate, section 2924.17 took effect on January 1, 2013. Cal. Civ. Code § 2924.17.  Plaintiffs concede that section 2924.17 "does not apply to documents recorded by Defendant prior to [that date]."  Opposition at 24, ECF No. 18.  Accordingly, the only recorded document that may be considered for Plaintiffs' claim for a violation of California Civil Code section 2924.17 is the fourth NOTS, dated May 7, 2013.  Compl. at 8, ECF No. 1.

Again, however, this claim fails because it is based solely on Plaintiffs' contention that Defendants have no interest or right to foreclose.  That argument has already been rejected.  Lane, 713 F. Supp. 2d at 1099.  Plaintiffs thus fail to state a cause of action for violation of Civil Code section 2924.17.

**G.     Violation of Bus. & Prof. Code Section 17200, et seq.**

Plaintiffs allege that Defendants' "policies and practices constitute unlawful business acts or practices within the meaning of Business & Professions Code § 17200."  Compl. at 20, ECF No. 1.  However, Plaintiffs fail to identify any unlawful act that survives Defendants' Motion to Dismiss.  Since Plaintiffs' unlawful competition claim is entirely derivative of their other failed claims, it fails as well.

///
///
///
///
///
///

**H.     Negligence**

To state a cause of action for negligence, Plaintiffs must allege that: (1) Defendants have a legal duty to use due care; (2) Defendants breached their legal duty; (3) Defendants' breach was the proximate or legal cause of the resulting injury; and (4) Plaintiffs were damaged. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996). "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). In an attempt to avoid the consequences of this rule, Plaintiffs contend that Defendants "acted beyond the scope of traditional lender and servicer" activity by committing "criminally actionable fraud." Opp'n at 25. However, as already explained, Plaintiffs fail to state a claim for fraud. Since Plaintiffs' negligence cause of action is derivative of their fraud claim, it thus fails as well.

**I.     Unjust Enrichment**

Plaintiffs' ninth cause of action is for unjust enrichment. In this district, however, "unjust enrichment is not recognized as a cause of action." 3W S.A.M. Trout Bois v. Rocklin Forest Prods., Inc., No. 2:10-cv-01070-MCE-KJN, 2011 WL 489735 at *5 (E.D. Cal. Feb. 7, 2011). A separate "cause of action must underlie a request for unjust enrichment that gives rise to a right to restitution." Id. Plaintiffs' instant claim is thus dismissed with leave to amend.

///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED with leave to amend. If no amended complaint is filed within thirty (30) days of the date of this Order, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: October 22, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT